**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSEPH E. ALTIER,

                Plaintiff,

-v-                                  Case No.  6:16-cv-1752-Orl-37TBS

SUNTRUST MORTGAGE, INC.;
SUNTRUST BANK; GOSHEN
MORTGAGE, LLC; PLANET HOME
LENDING, LLC; CHRISTIANA TRUST;
and JOHN DOES 1–5,

                Defendants.
_____

## ORDER

This cause is before the Court for jurisdictional review. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (noting the court's constitutional obligation to dismiss actions *sua sponte* where sufficient jurisdictional allegations are absent from the complaint, and "the plaintiff does not cure the deficiency").

### SUBJECT MATTER JURISDICTION

The Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). Initially, the Court notes that *pro se* plaintiff Joseph Altier ("**Plaintiff**") has not alleged the requisite facts to establish diversity jurisdiction, 28 U.S.C. § 1332(a)(1).[1] (*See* Doc. 1.) Notably,

---

[1] To establish diversity jurisdiction, the factual allegations of the Complaint must show

Plaintiff has included no allegations concerning his own citizenship.[2] (*See* Doc. 1, ¶ 1.) As to the Defendants—Suntrust Mortgage, Inc. ("**STMI**"); Suntrust Bank ("**STB**"); Goshen Mortgage, LLC ("**GM LLC**"); Planet Home Lending, LLC ("**PHL LLC**"); Christiana Trust ("**Trust**"); and five "John Doe" Defendants, Plaintiff's jurisdictional allegations are similarly deficient.[3] (*See id.* ¶¶ 2–7.)

Nonetheless, it appears that the Court's exercise of subject matter jurisdiction pursuant to 28 U.S.C. § 1331 may be appropriate based on Plaintiff's allegations concerning the Truth In Lending Act, 15 U.S.C. § 1635 ("**TILA**"). (*See id.* ¶ 8; *but see id.* ¶¶ 23, 24 (suggesting that Plaintiff's TILA claim is merely a defense to a foreclosure action pending in state court); *see also* Doc. 15 (advising that this action is related to a proceeding pending in the Ninth Judicial Circuit Court in and for Orange County

---

that: (1) the *citizenship* of the parties is completely diverse; and (2) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Plaintiff has alleged that the amount in controversy exceeds $75,000. (*See* Doc. 1, ¶ 7.)

[2] For natural persons, citizenship equates to *domicile—not residence. See Travaglio*, 735 F.3d at 1269 (emphasis added); *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011). Here, Plaintiff alleges that he is a *resident* of Florida. (*See* Doc. 1, ¶ 1.)

[3] Citizenship of an "unincorporated business association or entity," such as a limited liability company depends on the citizenship of its individual members. *See Scuotto v. Lakeland Tours, LLC*, No. 3:13-cv-1393, 2013 WL 6086046, at *1 (M.D. Fla. Nov. 19, 2013). For an incorporated entity, citizenship turns on the state of incorporation and the location of the entity's principal place of business. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Here, Plaintiff insufficiently alleges that STMI, STB, GM LLC, PHL LLC, and the Trust are simply "foreign corporations." (Doc. 1, ¶¶ 2–6.)

Florida—No. 2013-CA-012147-O ("**State Court Case**")).)[4]

## INJUNCTIVE RELIEF

At paragraphs 19–25 of his Complaint, Plaintiff seeks entry of a temporary restraining order and other injunctive relief to prevent Defendants' continued pursuit of a "wrongful foreclosure action" and otherwise prohibit enforcement of a loan contract. (*See* Doc. 1.) These requests are insufficient and in derogation of numerous provisions of the Court's Local Rules dealing with requests for emergency injunctive relief.[5] *See* Local Rule 4.05. Accordingly, Plaintiff's requests for emergency injunctive relief are due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's requests for emergency injunctive relief (Doc. 1) are **DENIED**.

2. On or before **October 18, 2016**, the parties are **DIRECTED** to file a joint statement concerning the propriety of this Court's exercise of jurisdiction in

---

[4] The Court is advised that this action also relates to an action pending in the U.S. Bankruptcy Court for the Middle District of Florida—No. 6:15-bk-1838-KSJ (Bankr. M.D. Fla. 2015) ("**Bankruptcy**").

[5] Among other things, Plaintiff failed to: (1) include an allegation that "the moving party is threatened with irreparable injury [that] is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible" (*see* Local Rule 4.05(b)(2)); (2) provide a "proposed form of temporary restraining order" (*see* Local Rule 4.05(b)(3)); and (3) set forth facts "on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)" (*see* Local Rule 4.05(b)(3)). Plaintiff also failed to submit a certification stating "any efforts made to give notice" to the opposing party "and the reasons why" notice should not be required. Fed. R. Civ. P. 65(b)(1)(B).

light of the Bankruptcy and the State Court Case.

3. Failure to comply with this Order may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 31, 2016.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Pro Se Parties